UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————X

JAMES D. CALEN,

                    Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                    Defendant.

————————————————————X

**FILED**
**CLERK**

5/19/2020 11:53 am
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-2183 (JMA) (AKT)

**AZRACK, United States District Judge:**

*Pro se* plaintiff James D. Calen ("Plaintiff") brings this action against defendant United States of America ("Defendant" or the "Government") alleging various violations of the Internal Revenue Code, 26 U.S.C. § 7421 et seq.  After receiving leave from the Court in September 2018, Defendant filed a fully briefed motion to dismiss Plaintiff's initial complaint on June 14, 2019. (See ECF No. 28.)  However, while the parties were in the process of briefing Defendant's motion to dismiss, Plaintiff filed a motion to amend the complaint, together with a proposed amended complaint, dated April 23, 2019.[1]  (ECF No. 24.)  Defendant filed an opposition to Plaintiff's motion to amend on June 14, 2019.  (ECF No. 29.)  On September 16, 2019, the same date that Plaintiff filed a reply brief in support of his first motion to amend, Plaintiff filed a second motion to amend, together with a proposed second amended complaint.  (See ECF Nos. 32, 33.)  Defendant did not file any opposition to this second motion to amend.[2]  The undersigned referred Defendant's

---

[1]  Defendant served an opening brief in support of its Motion to Dismiss on November 19, 2019.  (ECF No. 28-1.)  Plaintiff's opposition is dated April 23, 2019, the same date as his first motion to amend.  (ECF No. 28-10.)  Accordingly, Defendant had not yet seen Plaintiff's first amended complaint at the time the opening brief was served.

[2]  In Defendant's objection to Magistrate Judge Tomlinson's Report and Recommendation, Defendant explains that it anticipated that the Court would rule on the first motion to amend before ruling on the second motion to amend.  Therefore, although Defendant planned to oppose the second motion to amend, the parties never finalized a briefing schedule for Plaintiff's second motion to amend.  (Def. Objection at 5 n.2, ECF No. 40.)

motion to dismiss to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation and noted that, in accordance with Rule IV.A of my individual rules, Plaintiff's two motions to amend his complaint were already before Magistrate Judge Tomlinson. (Electronic Order, Nov. 4, 2019.)

On March 13, 2020, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R") recommending that: (1) Plaintiff's first motion for leave to amend the complaint be denied as moot; (2) Defendant's motion to dismiss be granted, in part, and denied, in part; and (3) Plaintiff's second motion to amend the complaint be granted, in part, and denied, in part. (Report and Recommendation, ECF No. 34.)  Magistrate Judge Tomlinson considered the facts alleged in the second proposed amended complaint when assessing Defendant's motion to dismiss and Plaintiff's second motion to amend (to which Defendant had not filed any opposition).  With respect to the specific claims alleged in Plaintiff's second amended complaint, Magistrate Judge Tomlinson recommended that: (1) Plaintiff's tax refund claims, pursuant to 26 U.S.C. § 7422, be dismissed under Rule 12(b)(1) or Rule 12(b)(6); (2) Plaintiff be granted leave to amend his unauthorized collection claim, pursuant to 26 U.S.C. § 7433, based exclusively on the alleged violations of 26 U.S.C. §§ 7803(a)(3) and 6611; and (3) Plaintiff be granted leave to amend his unauthorized disclosure claim, pursuant to 26 U.S.C. § 7431.  On May 4, 2020, the parties filed objections to the R&R.[3]  (ECF Nos. 40, 41.)

In reviewing a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made."  28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579,

---

[3] On May 6, 2020, Plaintiff filed an additional document identifying some corrections to his objections. (ECF No. 42.)  The Court considered this as part of Plaintiff's objection to the R&R.  In addition, on May 18, 2020, Plaintiff filed a document entitled, "Plaintiff's Response to the Defendant's Opposition to Report and Recommendation." (ECF No. 43.)  The Court also considered the arguments raised by Plaintiff in this document in assessing the R&R.

2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Having conducted a *de novo* review of the full record and the applicable law, I adopt Magistrate Judge Tomlinson's R&R and her recommendations as follows.

Counts II and III of the second amended complaint, alleging violations of 26 U.S.C. § 7422, are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction to adjudicate the claims, or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Leave to amend with respect to those claims is denied.

With respect to Count I, considering Plaintiff's *pro se* status and the procedural posture of the pending motions, the Court will permit Plaintiff to file a third amended complaint concerning: (1) an unauthorized collection claim, pursuant to 26 U.S.C. § 7433 (based exclusively on the alleged violations of 26 U.S.C. § 7803(a)(3) and 26 U.S.C. § 6611), and (2) an unauthorized disclosure claim, pursuant to 26 U.S.C. § 7431.[4]

Plaintiff is directed to file a third amended complaint regarding these claims by June 19, 2020.[5]  Plaintiff is warned that failure to file a third amended complaint by this date may result in

---

[4]  The Court, however, adopts Magistrate Judge Tomlinson's recommendation that Plaintiff's motion to amend his 26 U.S.C. § 7433 claim based on Defendant's negligent and reckless disregard of either 26 U.S.C. § 6202 or various provisions of the Internal Revenue Manual be denied as futile.  Thus, these claims may not be pursued in Plaintiff's third amended complaint.

[5]  With respect to the issue of exhaustion for any 26 U.S.C. § 7433 claims, in order to exhaust his administrative remedies, Plaintiff must have submitted an administrative claim that complies with 26 C.F.R. § 301.7433-1(e)(2).  It appears that the easiest way to resolve this would be to permit limited discovery and a motion for summary judgment on this discrete issue.  This would allow the Court to review all the relevant correspondence to determine whether Plaintiff exhausted.  The alternative—which involves the parties fighting over whether a *pro se* plaintiff's pleading is sufficient to plausibly allege exhaustion—does not appear to be the most efficient way to address this issue.

dismissal of this action for failure to prosecute.

Leave to amend is granted without prejudice to Defendant seeking leave to move to dismiss the third amended complaint.[6]  Should Defendant seek to move to dismiss the third amended complaint, Defendant shall file a pre-motion conference letter in accordance with the undersigned's individual rules.

The Clerk of Court is directed to mail a copy of this order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: May 19, 2020
Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[6]  As this will now be Plaintiff's fourth complaint in this action, he would be well advised to consider the arguments raised by Defendant in its various filings before the Court alleging deficiencies in his three prior complaints.  Once Plaintiff files his third amended complaint, the Court will not permit Plaintiff to file any amended complaints, or motions to amend, before the Court resolves any motions to dismiss the third amended complaint.