FILED
CLERK
2:45 pm, Sep 24, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

For Online Publication Only

JAMES D. CALEN,

          Plaintiff,

   -against-

**MEMORANDUM & ORDER**
18-CV-2183 (JMA) (AKT)

UNITED STATES OF AMERICA,

          Defendant.
-----------------------------------------------------------------------X

**APPEARANCES:**

James D. Calen
19 Honeysuckle Lane
Holtsville, NY 11742
   *Pro Se Plaintiff*

Marie Wicks
U.S. Department of Justice
Po Box 55
Washington, DC 20044
   *Attorney for the United States*

**AZRACK, United States District Judge:**

Plaintiff James D. Calen ("Plaintiff"), proceeding pro se, brings this action against defendant the United States ("Defendant" or the "government") alleging violations of the Internal Revenue Code, 26 U.S.C. §§ 7432, 7433, 7434, and the Administrative Procedure Act ("APA"). After Plaintiff filed a third amended complaint, (ECF No. 49), Defendant has moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and based on sovereign immunity. (ECF No. 53.) For the reasons stated below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

The Court assumes familiarity with the underlying record that is set forth in detail in

Magistrate Judge A. Kathleen Tomlinson's March 13, 2020 Report and Recommendation ("R&R") on Defendant's prior motion to dismiss, and this Court's May 19, 2020 Order adopting that R&R. (ECF Nos. 34, 44.) Accordingly, the Court recites only the facts necessary to determine the instant motion to dismiss.

**A. Procedural Background**

On April 12, 2018, Plaintiff, filed his initial Complaint against Defendant seeking to "allow the NOL carryover of $167,448.00 to be allowed to the 2010 [tax year]," compensatory damages in the amount of $779.40 for the levy on Plaintiff's bank and brokerage accounts, and punitive damages in the amount of $5,000. (ECF No. 1.) The Court set a briefing schedule for Defendant to file a motion to dismiss ("First Motion to Dismiss"). (Electronic Order, October 9, 2018.) Prior to Defendant's motion being fully briefed and filed, Plaintiff filed a motion for leave to amend the complaint and attached an amended complaint to that filing. (ECF No. 24.) On June 14, 2019, the First Motion to Dismiss was fully briefed. (ECF No. 28.) On September 16, 2019, Plaintiff filed a second motion to amend the complaint and a second proposed amended complaint ("SAC"). (ECF No. 33-2.)

On March 13, 2020, Magistrate Judge Tomlinson issued an R&R recommending that the undersigned grant in part and deny in part Defendant's First Motion to Dismiss. (ECF No. 34.) In making this recommendation, the facts were taken from the SAC. (ECF No. 34 at 4.) On May 19, 2020, this Court adopted Judge Tomlinson's recommendations as follows. First, the Court dismissed Counts II and III of the SAC, alleging violations of 26 U.S.C. § 7422, pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacked jurisdiction to adjudicate the claims, or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted and denying leave to amend those claims. Second, the Court permitted Plaintiff to file

2

a third amended complaint concerning: (1) an unauthorized collection claim, pursuant to 26 U.S.C. § 7433, based exclusively on the alleged violations of 26 U.S.C. § 7803(a)(3) and 26 U.S.C. § 6611[1], and (2) an unauthorized disclosure claim, pursuant to 26 U.S.C. § 7431.[2]  (ECF No. 44.)

On June 22, 2020, Plaintiff filed a third amended complaint ("TAC") (ECF No. 45.)  The TAC seeks damages pursuant to 26 U.S.C. § 7432 for failure to release a lien, § 7433 for wrongful collection activity, and § 7434 for fraudulent filing of information returns.  The TAC also claims that the Internal Revenue Service ("IRS") violated the APA.  On January 26, 2021, Defendant filed a fully briefed motion to dismiss the TAC.  (ECF No. 53.)

## B. Factual Background

The following facts are taken from Plaintiff's TAC.  These facts are accepted as true for purposes of the pending motion to dismiss and are construed in a light most favorable to Plaintiff as the non-moving party.  Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013).  Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally "to raise the strongest arguments that they suggest."  See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017).

Plaintiff alleges that on December 5, 2015, Rita A. VanIderstein, a Revenue Officer at the IRS, left a notice of levy at his residence in the amount of $199,908.93 for tax assessments based on Plaintiff's 2008 and 2009 substitute tax returns.  (TAC ¶ 5.)  The IRS submitted substitute tax returns on Plaintiff's behalf for the 2008 and 2009 tax years because Plaintiff had failed to file any

---

[1]  The Court adopted Magistrate Judge Tomlinson's recommendation that Plaintiff's motion to amend his 26 U.S.C. § 7433 claim based on Defendant's negligent and reckless disregard of either 26 U.S.C. § 6202 or various provisions of the Internal Revenue Manual be denied as futile without leave to amend.  The Court also noted that "[w]ith respect to the issue of exhaustion for any 26 U.S.C. § 7433 claims, in order to exhaust his administrative remedies, Plaintiff must have submitted an administrative claim that complies with 26 C.F.R. § 301.7433-1(e)(2). It appears that the easiest way to resolve this would be to permit limited discovery and a motion for summary judgment on this discrete issue."  (ECF No. 44 at 3 n.5.)  Defendant decided instead to file a motion to dismiss the TAC.

[2]  Plaintiff does not bring a claim pursuant to Section 7431 in the TAC.

3

tax returns for either year. (Id. ¶¶ 5, 9.) The IRS is authorized to prepare and file a substitute tax return for a taxpayer who fails to file a timely return. See 26 U.S.C. § 6020. On December 12, 2015, Plaintiff requested a hearing to contest the notice of levy, claiming that he was not liable for any taxes assessed for 2008 and 2009. (TAC ¶ 7.) The IRS did not conduct a hearing but, rather, agreed to release the levy on the condition that Plaintiff file his 2008 and 2009 tax returns. (Id. ¶¶ 8-9.) The IRS subsequently released the levies in December 2015. (Id. ¶ 9.) Plaintiff ultimately filed completed tax returns for 2008 and 2009 in February 2016. (Id. ¶¶ 13, 14.)

On April 30, 2016, Plaintiff received a Letter 105C ("LTR 105C") from the IRS for the tax year 2009, "denying a carryover in the amount of $158,580.00." (Id. ¶15.) On May 2, 2016, Plaintiff went to the IRS office in Hauppauge, New York, to inquire about the LTR 105C for 2009 and alleges that he was informed by an IRS employee that his 2008 tax return was not processed due to a processing error. (Id. ¶ 16.) Reading the TAC liberally, Plaintiff appears to allege that the IRS incorrectly assessed Plaintiff's 2009 tax liability and disallowed his 2009 NOL deductions because it processed Plaintiff's 2009 tax return before processing his 2008 tax return. Plaintiff alleges that because the IRS processed the 2009 tax return first, Plaintiff's 2009 deductions and tax liability were incorrectly based on his 2008 substitute tax return as opposed to the new 2008 tax return that he filed. (Id. ¶¶ 15-16.)

On May 3, 2016, Plaintiff received a notice of levy dated April 26, 2016, stating liabilities in the amount of $135,269.58. (Id. ¶ 17.) Plaintiff contacted Ms. VanIderstine at the IRS and informed her that the notice of levy was issued in error because Plaintiff did not owe any tax liabilities. (Id. ¶¶ 20, 21.)

On May 4, 2016, Plaintiff contacted the IRS Taxpayer Advocate Service, and on May 11, 2016 received a response in which the Taxpayer Advocate Service asked him to submit a

4

"multitude of documents" and then proceeded to "look[] into [his] claim." (Id. ¶ 22, 24.)

On May 11, 2016, "[i]n response to LTR 105C for tax year 2009," Plaintiff "sent in a written request for Formal Protest (aka Appeal) via Certified Mail." (Id. ¶ 23.) On May 20 and 24, respectively, "money was levied from [Plaintiff's] Bank and Brokerage accounts," which Plaintiff alleges "[e]ffectively clos[ed] Plaintiff's business." (Id. ¶ 25.)

The IRS then sent Plaintiff a LTR 105C dated December 1, 2016[3] regarding tax year 2008 disallowing his NOL carryback claim. (Id. ¶ 32.) Plaintiff alleges that he did not receive the LTR 105C until September 8, 2017 and was therefore within the 30-day time-period to appeal. Plaintiff alleges that "[p]ursuant to IRS procedures, Plaintiff sent in a written Formal Protest (aka Appeal) on October 4, 2017, via Certified Mail." (Id.)

Plaintiff alleges that his "moneys [were] refunded, albeit with mistakes" and therefore, in October 2017, the Taxpayer Advocate Service recommended that he "guard [his] rights, by making an administrative claim for refund, by sending in form 843[] Refund Request and Abatement of Penalties" and that he explain that the IRS miscalculated the amount to be refunded, that the IRS failed to record the $340.40 levied from an account at Teachers Federal Credit Union[4], and that the IRS did not account for the fees associated with the levies of $75.00 and $4.00. (Id. ¶ 30.)

On February 8, 2018, the IRS Appeals Office informed Plaintiff in a letter that it was upholding the disallowance of his claim "for abatement and/or refund of taxes that were charged [him]" related to the tax year 2008 and notifying him that he could pursue his abatement/refund claim further "by filing suit in either the United States District Court or the United States Court of Federal Claims." (Id. ¶ 41; Pl. Ex. 7.) Plaintiff alleges that, notwithstanding the denial of his

---

[3] The TAC says December 1, 2017, but this appears to be a typographical error.

[4] Plaintiff alleges that this money was returned to him after he filed the instant lawsuit.

5

formal protests, the IRS returned all of the monies levied from Plaintiff's bank and brokerage accounts. (Id. ¶ 33.) Plaintiff also alleges that on January 2, 2017, the IRS abated all tax assessments, fees, and penalties for the 2009 tax year. (Id. ¶¶ 19, 28.)

Plaintiff filed the instant lawsuit on April 12, 2018. As relief, Plaintiff requests $5,653.23 in compensatory damages pursuant to 26 U.S.C. §§ 7430, 7432, 7433, 7434, and 6611. Specifically, Plaintiff alleges he is entitled to $75.00 for a legal processing fee he paid to the Teachers Federal Credit Union regarding the levy on his account; $4.00 for a fee from Interactive Brokers regarding the levy on his account; "$24.23 in interest"; $550.00 in litigation costs; and $5,000 in damages for the filing of fraudulent tax returns. (Id. 14.)

## II. DISCUSSION

### A. Standard of Review

1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1).

A motion to dismiss for lack of standing pursuant to Rule 12(b)(1) may be either facial or fact-based. Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 56 (2d Cir. 2016). "When confronted with a defendant's facial challenge to standing, i.e., one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 119 (2d Cir. 2017) (quoting Carter, 822 F.3d at 56).

However, if defendants proffer evidence beyond the plaintiff's pleading (i.e., through affidavits or exhibits), "[i]n opposition to such a motion, plaintiffs must 'come forward with evidence of their own to controvert that presented by the defendant,' or may instead 'rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing.'" Id. (alteration in original) (quoting Carter, 822 F.3d at 57). When a defendant makes a fact-based Rule 12(b)(1) challenge to jurisdiction, the parties are on notice of "both the right to introduce such evidence and the plaintiff's burden of proof to do so even at the motion-to-dismiss stage." Id. at 121.

2. Rule 12(b)(2)

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant[s]." Allied Dynamics Corp. v. Kennametal, Inc., 965 F. Supp. 2d 276, 287 (E.D.N.Y. 2013) (citing Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). However, prior to discovery, a plaintiff "need only make a prima facie showing of jurisdiction through its own affidavits and supporting materials to defeat the motion." Id. (quoting Welinsky v. Resort of the World D.N.V., 839 F.2d 928, 930 (2d Cir. 1988)). "[T]he pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be resolved in plaintiff's favor." Id. (citing DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 85 (2d Cir. 2001)).

3. Rule 12(b)(6)

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is

7

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

    4. Sovereign Immunity

It is well settled that, as sovereign, the United States "is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (quoting United States v. Mitchell, 455 U.S. 535, 538 (1980)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (internal quotation marks omitted). Moreover, "waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied. Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 70 (2d Cir. 2016). Importantly, because a district court would lack subject matter jurisdiction to adjudicate claims against the United States absent a waiver

8

of sovereign immunity, the plaintiff bears the burden of establishing that his "claims fall within an applicable waiver." Makarova, 201 F.3d at 113; see also United States v. Mitchell, 463 U.S. 206, 212 (1983) (waiver of sovereign immunity is a prerequisite to subject matter jurisdiction).

## B. Claim Under Section 7433

Section 7433 provides the exclusive remedy for damages where, "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code or regulations]." 26 U.S.C. § 7433(a). Specifically, Plaintiff alleges that the IRS's levy on his bank and brokerage accounts constituted unauthorized collection activity and a negligent and reckless disregard of 26 U.S.C. § 7803(a)(3) (execution of duties in accord with taxpayer rights) and 26 U.S.C. § 6611 (interest on overpayments).

Defendant argues that this claim should be dismissed for two reasons: first, Plaintiff has failed to allege that he exhausted the administrative remedies required to bring such a claim; and second, the claim fails on the merits because the alleged misconduct of the IRS that forms the basis for his claim is not collection activity, which is covered by the statute, but rather Plaintiff disagrees with the assessment of liabilities.

To properly exhaust administrative remedies before filing suit under Section 7433, the relevant Treasury regulations require a taxpayer to submit an administrative claim: (1) "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides;" (2) provide the taxpayer's personal information; (3) state the "grounds, in reasonable detail, for the claim;" (4) including a "description of the injuries incurred by the taxpayer filing the claim;" (5) "the dollar amount of the claim;" and (6) the "signature of the taxpayer." See 26 C.F.R. § 301.7433-1(e)(2). Courts in this Circuit have found that failure to

9

exhaust administrative remedies under Section 7433 creates a jurisdictional bar. See Roberts v. I.R.S., 468 F. Supp. 2d 644, 650 (S.D.N.Y. 2006), aff'd, 297 F. App'x 63 (2d Cir. 2008) ("A plaintiff's "failure to comply with the regulation [7433] deprives the federal district court of jurisdiction"); Dourlain v. United States, No. 04-CV-372, 2005 WL 3021858, at *3 (N.D.N.Y. Sept. 19, 2005) (finding that the court lacked jurisdiction where plaintiff failed to plead that he exhausted the administrative remedies required by Section 7433); see also Kuhl v. United States, 467 F.3d 145, 148 (2d Cir. 2006) (in interpreting 26 C.F.R. § 301.7430-1, which imposes a similar exhaustion requirement for Section 7430, finding that "failure to exhaust such remedies deprives the federal court of jurisdiction over the suit.").[5]

The Court granted Plaintiff leave to amend his unauthorized collection claim to properly plead the elements of exhaustion. (ECF No. 44.) The R&R, which this Court adopted, specifically recommended that Plaintiff be allowed to amend "to sufficiently allege with particularity whether the formal protests and supplemental letters stated the dollar amount of the claim made to the IRS, along with the dollar amount stated, and identification of the specific letter(s) in which the information was stated." (ECF No. 34 at 20.) However, the TAC adds no additional allegations regarding any of these elements of exhaustion. Instead, Plaintiff simply repeats the same allegations that were in the SAC. Specifically, Plaintiff repeats the allegation that he sent two "written request[s] for Formal Protest[s] (aka Appeal) via Certified Mail" in response to the two LTR 105Cs that he received. (TAC ¶¶ 23, 32.) He also repeats that he communicated with and sent a "multitude of documents" to the Taxpayer Advocate Service and repeats the allegation that

---

[5] Circuit courts are divided on whether failure to exhaust administrative remedies is a jurisdictional bar under 26 U.S.C. § 7433(a), or a condition precedent regarding the merits. Compare, e.g., Gray v. United States, 723 F.3d 795, 798 (7th Cir. 2013) ("Although a plaintiff must exhaust administrative remedies to recover damages under § 7433, exhaustion is not a jurisdictional requirement.") with Manant v. United States, 498 F. App'x 752 (9th Cir. 2012) (holding that the district court's dismissal of the action without prejudice was proper because the district court lacked jurisdiction due to the plaintiffs' failure to exhaust administrative remedies under § 7433). Plaintiff's claim would be dismissed regardless.

10

the Taxpayer Advocate Service advised him to send a Form 843 Requests for Refund to the IRS regarding levies on his accounts. (Id. ¶ 31.) Although specifically directed to do so by court order, Plaintiff added no new allegations regarding the requirement that the administrative claim include the "dollar amount of the claim." This is fatal to Plaintiff's Section 7433 claim.

Notably, Plaintiff's opposition papers do not address this exhaustion requirement, which was set out in the R&R and in Defendant's Motion to Dismiss. Instead, Plaintiff argues that exhaustion should be excused because the administrative remedies available to Plaintiff were purportedly inadequate. In support, Plaintiff cites Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir. 1992). This argument is meritless. Subsequent regulations promulgated by the IRS, which were not applicable to the plaintiff in Information Resources, provided Plaintiff with adequate administrative remedies and defeat Plaintiff's argument that exhaustion was not required here. See Marcello v. U.S. I.R.S., No. 08-CV-2796, 2010 WL 1663994, at *3 (D. Md. Apr. 21, 2010), aff'd sub nom. Marcello v. I.R.S., 414 F. App'x 560 (4th Cir. 2011) (citing 26 C.F.R. § 301.7433–1).

Accordingly, Plaintiff's claim pursuant to Section 7433 is dismissed for failure to exhaust his administrative remedies. Because the Court finds that Plaintiff has not exhausted his administrative remedies, the Court finds it unnecessary to reach Defendant's argument regarding what action qualifies as collection activity. [6]

---

[6] Defendant also asks the Court to review its motion to dismiss as a fact-based motion, which the R&R did not do. (ECF No. 53-1 at 9.) In reviewing the motion as fact-based, the Court finds that Plaintiff's claim should be dismissed for an additional reason. To properly exhaust a Section 7433 claim, the taxpayer must submit an administrative claim "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." The TAC does not allege where Plaintiff sent his formal protests. The SAC alleged that "[s]ince the LTR 105C came from the office of the Area Director, it stands to reason that a written Formal Protest in response to the LTR 105C would satisfy the requirement of notifying the Area Director." (SAC ¶ 100.) The TAC omits this specific allegation. Additionally, although Plaintiff attached the LTR 105Cs to his SAC, he did not attach them to the TAC. (SAC, ECF No 33-2 at 39, 45.) Instead, the TAC alleges, in conclusory fashion, that Plaintiff sent two written formal protests in response to the LTR 105Cs. Reading the TAC liberally, the Court could conclude that Plaintiff sent

11

## C. <u>Claim Under Section 7432</u>

Plaintiff brings a claim pursuant to Section 7432 for failure to release a lien. The Court, however, did not grant Plaintiff leave to plead any such claim in his Third Amended Complaint. As such, the Court dismisses this claim. Moreover, even assuming <u>arguendo</u> that Plaintiff should be permitted to include this new claim in the fourth complaint that he has filed, dismissal is also warranted on other grounds. Defendant argues that this claim should be dismissed because Plaintiff failed to properly exhaust administrative remedies prior to filing this lawsuit, and alternatively, it fails on the merits. The Court agrees that this claim fails because Plaintiff failed to properly plead exhaustion. Because the Court finds that Plaintiff has not exhausted his administrative remedies, the Court finds it unnecessary to reach Defendant's argument regarding the merits.

To properly exhaust administrative remedies before filing suit under Section 7432, the relevant Treasury regulations require a taxpayer to submit an administrative claim: (1) "in writing

---

these formal protests back to the address on the LTR 105Cs. The LTR 105Cs were sent from the IRS office in Holtsville, NY.

Defendant argues that the proper address for a taxpayer in Plaintiff's area to send a Section 7433 claim is not the Holtsville address but, rather, 290 Broadway New York, NY. (ECF No. 53-1 at 16.) In support, Defendant cites to IRS Publication 4235 and a webpage on the IRS website, which Defendant did not cite to in its first motion to dismiss. (ECF No. 53-1 at 16.) A webpage on the IRS website explains where taxpayers are to file certain documents. <u>See</u> <u>Where to File Certain Elections, Statements, Returns, and Other Documents, IRS</u>, https://www.irs.gov/filing/where-to-file-certain-elections-statements-returns-and-other-documents (last visited Sept. 21, 2021). That page directs taxpayers who seek to file a claim under 26 C.F.R. § 301.7433-1 to IRS Publication 4235, which lists 290 Broadway as the specific address to which a taxpayer is required to submit that claim. <u>See</u> IRS Publication 4235 (Rev. 4-2016), https://web.archive.org/web/20160412151725/https://www.irs.gov/pub/irspdf/p4235.pdf; IRS Publication 4235 (Rev. 7-2020), https://www.irs.gov/pub/default_path_no_value/p4235.pdf. Therefore, even if Plaintiff did send his formal protests to the address on the LTR 105C, he would not have exhausted his administrative remedies because he sent them to the wrong address. <u>See</u> <u>Kuhl</u>, 467 F.3d at 148 (in interpreting 26 C.F.R. § 301.7430-1, which imposes a similar exhaustion requirement, stating that "[t]he burden imposed by 26 C.F.R. § 301.7430-1 is exacting and non-intuitive, but taxpayers must comply with the letter of the government's narrow waiver of sovereign immunity in order to get to federal court"); <u>see also</u> <u>Bowers v. United States</u>, 498 F. App'x 623, 626–27 (7th Cir. 2012) (dismissing a taxpayer's § 7433 claim where plaintiff "did not send his letter to the correct IRS office" but instead, "mailed his letter to two IRS-affiliated offices that he thought would suffice"); <u>Hoogerheide v. I.R.S.</u>, 637 F.3d 634, 639 (6th Cir. 2011) (dismissing § 7433 administrative claim for being sent to incorrect address).

to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed"; (2) provide contact information for the taxpayer; (3) include a "copy of the notice of federal tax lien affecting the taxpayer's property, if available"; (4) include a "copy of the request for release of lien made in accordance with § [3]01.6325–1(f) of the Code of Federal Regulations, if applicable," (5) a statement of the "grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service)," (6) a description of the injuries incurred by the taxpayer filing the claim (including supporting documentation if available), (7) the "dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence)," and (8) the signature of the taxpayer or a duly authorized representative.  § 301.7432-1(f)(2)(i)–(vii).

For many of the same reasons that Plaintiff failed to exhaust his Section 7433 claim, he also failed to exhaust his Section 7432 claim.  Specifically, Plaintiff has not pled whether his formal protests or other communications included the "dollar amount of the claim."  The TAC also does not allege where the formal protests were sent and never alleges that they were submitted "to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed."  Accordingly, the Court finds that the Section 7432 claim should be dismissed because Plaintiff has not plausibly alleged that he exhausted his administrative remedies.[7]

---

[7] To the extent Plaintiff seeks to bring a claim pursuant to Section 7430, this claim should be dismissed for the same reason as it has not been exhausted.  See Kuhl, 467 F.3d at 148 (in interpreting 26 C.F.R. § 301.7430-1, which imposes the exhaustion requirement for Section 7430, finding that "failure to exhaust such remedies deprives the federal court of jurisdiction over the suit.")

13

**D. Claim Under Section 7434**

Plaintiff alleges that the IRS violated Section 7434 by filing substitute tax returns for Plaintiff for the years 2008 and 2009. (TAC ¶ 2.)

Again, the Court did not grant Plaintiff leave to plead any such claim in his Third Amended Complaint. As such, the Court dismisses this claim. Moreover, even assuming arguendo that Plaintiff should be permitted to include this new claim in the fourth complaint that he has filed, dismissal is also warranted on other grounds.

Section 7434 establishes a private right of action against a "person" who "willfully files a fraudulent information return with respect to payments purported to be made to any other person." 26 U.S.C. § 7434(a); see also Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 568-69 (2d Cir. 2011). Defendant argues that this claim must fail because the United States is not a "person" within the meaning of this statute. The Court agrees.

"We must apply to this text our longstanding interpretive presumption that 'person' does not include the sovereign." Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 780 (2000). The relevant statutory provision, 26 U.S.C. § 7701, which defines the terms used in the Internal Revenue Code, explicitly states that the term "person" shall "be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." Other federal courts have found that the United States is not a "person" against whom a claim may be brought under Section 7434. See Cooper v. United States, 123 Fed. Cl. 226, 234 (2015) (finding that the Federal Court of Claims "lacks jurisdiction to entertain suits under IRC § 7434 because that statute provides for taxpayer suits against individuals who willfully file fraudulent tax returns, and not for taxpayer suits against the United States.").

Plaintiff's claim fails for the additional reason that the substitute returns that Plaintiff alleges the IRS Revenue Officer filed are not "information returns" for the purposes of the statute. The IRS is authorized to prepare and file a substitute tax return for a taxpayer who fails to file a timely return. See 26 U.S.C. § 6020. "The types of false information returns for which a private right of action [pursuant to § 7434] exists is limited to the nine returns listed in 26 U.S.C. § 6724(d)(1)(A)[8]." Ryder v. J.P. Morgan Chase Bank, No. 13-CV-01929, 2015 WL 13793263, at *10 (D. Conn. Aug. 19, 2015); 26 U.S.C. § 7434(f) ("the term 'information return' means any statement described in section 6724(d)(1)(A)"). A substitute return filed under 26 U.S.C. § 6020 is not one of those enumerated in 26 U.S.C. § 6724(d)(1)(A) and, therefore, is not an information return covered by Section 7434.

Accordingly, Plaintiff's claim pursuant to Section 7434 of the Internal Revenue Code is dismissed.

**E. APA Claim**

Plaintiff seeks relief under the APA alleging that the February 8, 2018 letter from IRS Appeals, which found that there was no basis for his claim of "abatement and/or refund of taxes that were charged you," was "arbitrary, capricious or an abuse of discretion." (TAC at 12 ¶¶ 40-46; Pl. Ex. 7.)

---

[8] The information returns enumerated in 26 U.S.C. § 6724(d)(1)(A) are "any statement of the amount of payments to another person required by--
    (i) section 6041(a) or (b) (relating to certain information at source),
    (ii) section 6042(a)(1) (relating to payments of dividends),
    (iii) section 6044(a)(1) (relating to payments of patronage dividends),
    (iv) section 6049(a) (relating to payments of interest),
    (v) section 6050A(a) (relating to reporting requirements of certain fishing boat operators),
    (vi) section 6050N(a) (relating to payments of royalties),
    (vii) section 6051(d) (relating to information returns with respect to income tax withheld),
    (viii) section 6050R (relating to returns relating to certain purchases of fish), or
    (ix) section 110(d) (relating to qualified lessee construction allowances for short-term leases)".

Again, the Court did not grant Plaintiff leave to plead any such claim in his Third Amended Complaint. As such, the Court dismisses this claim. Moreover, even assuming arguendo that Plaintiff should be permitted to include this new claim in the fourth complaint that he has filed, dismissal is also warranted on other grounds.

The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "When Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." Larson v. United States, No. 16-CV-00245, 2016 WL 7471338, at *8 (S.D.N.Y. Dec. 28, 2016), aff'd, 888 F.3d 578 (2d Cir. 2018) (quoting Bowen v. Massachusetts, 487 U.S. 879, 903 (1988)). Therefore, "[e]ven if final, an agency action is reviewable under the APA only if there are no adequate alternatives to APA review in court." Id. (quoting U.S. Army Corps of Eng'rs v. Hawkes Co., 136 S. Ct. 1807, 1815 (2016) (citing 5 U.S.C. § 704)). "An existing review procedure will therefore bar a duplicative APA claim so long as it provides adequate redress." Id. (internal quotations omitted).

Here, an existing review procedure bars a duplicative APA claim. The IRS Appeal letter explicitly stated that: "[y]ou may pursue this matter further by filing suit in either the United States District Court or the United States Court of Federal Claims. If you decide to do this, you must file the suit within two years from the date on the letter denying your claim . . . ." (Pl. Ex. 7.) The Internal Revenue Code provides a remedy for a refund or abatement claim: a lawsuit pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1). See Larson, 2016 WL 7471338, at *8 ("Congress created a statutory scheme through which [plaintiff] can seek refund and abatement of his section 6707 penalty. See 26 U.S.C. § 7422; 28 U.S.C § 1346. [Plaintiff's] ability to seek relief through

16

this statutory scheme forecloses judicial review via the APA for the same relief."). Plaintiff already brought tax refund claims pursuant to 26 U.S.C. § 7422 and 28 U.S.C § 1346 in his SAC. The Court dismissed these claims pursuant to 12(b)(1) and 12(b)(6) without leave to amend. (ECF No. 45.)

Accordingly, Plaintiff's APA claim is dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk is further directed to mail a copy of this Order to the pro se plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: September 24, 2021
       Central Islip, New York

                                          /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE